UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA LOPEZ,

        Plaintiff,

    v.                                      Case No. 18-C-1206

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

## ORDER

This matter comes before the Court on Plaintiff's motion for attorney's fees in the amount of $12,192.88 to be paid to Attorney Fred N. Tabak from Plaintiff's past due benefits under 42 U.S.C. § 406(b). The Commissioner does not object to the amount of the fee requested. For the following reasons, the motion will be granted.

A court may allow as part of its judgment "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1). The "25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Section 406(b)(2) "makes it a misdemeanor for any attorney to charge, demand, receive, or collect a fee for court representation in excess of that permitted under § 406(b)(1)." *O'Donnell v. Saul*, 983 F.3d 950, 952–53 (7th Cir. 2020) (internal quotation marks, citations, and alterations omitted). Under the Savings Provision, "an attorney does not commit a misdemeanor by accepting fees under both the EAJA and § 406(b) for the same work" when the "'claimant's attorney refunds to the claimant the amount of the smaller fee.'" *Id*. at 956 (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

In this case, the Court reversed the Commissioner's decision, remanded the matter for further administrative proceedings, and awarded Plaintiff attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,600.00. On remand, the Administrative Law Judge issued a favorable decision, and as things stand, the Social Security Administration is withholding $12,192.88 from Plaintiff. The fee Plaintiff seeks is $16,792.88, but recognizing that Attorney Tabak cannot recover fees under both the EAJA and § 406(b) for the same work performed, and further recognizing that, if he does, he must refund the EAJA award amount to Plaintiff, Plaintiff instead asks the Court to offset the EAJA award from the requested § 406(b) fee. In other words, Plaintiff seeks an award of attorney's fees in the amount of $12,192.88, representing the initial fee requested minus the $4,600.00 awarded by this Court under the EAJA. While the Court recognizes that this "netting method" is "disfavored," *O'Donnell*, 983 F.3d at 957 (7th Cir. 2020), the Court finds it to be appropriate here, where the amount being requested is the remaining amount being withheld. Therefore, the Court finds Plaintiff's request reasonable.

Accordingly, Plaintiff's motion for attorney's fees (Dkt. No. 23) is **GRANTED**. Attorney Tabak is entitled to attorney's fees in the amount of $12,192.88.

Dated at Green Bay, Wisconsin this 7th day of October, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge